UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHARLES M. BREWER, LTD. RESTATED PENSION PLAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | 2:09-cv-0144 JWS |
| vs. | ) ) | ORDER AND OPINION |
| CBIZ, INC., *et al.*, | ) ) ) | [Re: Motions at dockets 173 and 175] |
| Defendants. | ) ) | |

    The court has reviewed the motion at docket 173 titled, "Joint Motion Of Plaintiffs and Defendants To Approve Settlement and To Enter Bar Order." The parties are, of course, familiar with the motion and the exhibits thereto. However, the court does not believe the parties have given much thought to the proposition that their request for an order barring non-parties from seeking relief by way of contribution or indemnity from Defendants effectively asks the court to exercise jurisdiction over 15 persons and entities (collectively called "Noticed Non-Parties" by the parties in their joint motion) who are not parties to this litigation. The joint motion explains that the Noticed Non-Parties are persons or entities against whom "Plaintiffs may assert claims," or "who may claim to have claims against Defendants."[1] In short, the Noticed Non-Parties are persons and

---

[1] Doc. 173 at 8.

entities as to whom there is no present case or controversy.[2]  Even if there were subject matter jurisdiction, it is impossible to ascertain which, if any, of the Noticed Non-Parties would be subject to personal jurisdiction in Arizona.  Moreover, "judicial action enforcing [a judgment] against the person or property of [an] absent party [subverts] that due process which the Fifth and Fourteenth Amendments requires."[3]  In sum, courts have almost "uniformly prohibited parties from seeking to preclude the rights of nonparties."[4]

Even more disturbing than the parties' failure to understand the jurisdictional issues raised by the joint motion is their unilateral attempt to compel speedy action by the Noticed Non-Parties which has not been authorized by the court.  Had Defendant filed a motion to join a Noticed Non-Party pursuant to Rule 14 of the Federal Rules of Civil Procedure, the court, not the litigants, would have decided if such a person should be joined as a third-party defendant.  If the court had approved the joinder, that person or entity would have had at least 21 days after being served with a summons and complaint in which to respond to the third-party complaint.[5]

Incredibly, the parties here have sent a notice to the Noticed Non-Parties which baldly and arrogantly advises that:

> [I]f you object to the imposition of the permanent bar order, you must notify the parties and the Court, in writing, of your objection, including the legal basis, if any, for your objection.  Any objection must be lodged with the Court on or before June 24, 2011.  Your failure to lodge a timely objection shall be deemed as your non-objection to the Court's approval of the

---

[2] *See* U.S. Const. art. III, § 2.

[3] *Hansberry v. Lee*, 311 U.S. 32, 41 (1940).

[4] *FDIC v. Geldermann, Inc.*, 975 F.2d 965, 698 n.4 (10th Cir. 1992).

[5] Fed. R. Civ. P. 14(a)(2)(A); Fed. R. Civ. P. 12.

Settlement Agreement and its entry of a permanent order as sought by the parties.[6]

It is not difficult to imagine a recipient believing that the court has authorized this "Notice," which, of course, is not true.

While the court will ponder whether sanctions should be imposed on counsel for creating circumstances which could easily be interpreted as misrepresenting the court's position by attempting to impose an obligation on the Noticed Non-Parties to respond to the Court which the court has not itself imposed, remedial action must be taken immediately to avoid forcing any of the Noticed Non-Parties to expend resources responding to the Notice.

For the reasons set forth above: **IT IS ORDERED**, (1) the Notice at docket 175 is hereby **DECLARED null**, (2) counsel for Plaintiffs and Defendants shall immediately notify each Noticed Non-Party that he, she or it has no duty to respond to the Notice, (3) counsel for Plaintiffs and Defendants shall provide a copy of this order to each such Noticed Non-Party by the fastest means available (email, facsimile, hand delivery or expedited document delivery service such as FedEx or DHL) and also by United States Mail, and (4) the motion at docket 173 is **DENIED**.

DATED this 15th day of June 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6]Doc. 175 at 2.